IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SPENCER E. BERRY,

      Plaintiff,                     No. 2: 12-cv-0363 KJN P

    vs.

DOROTHY SWINGLE, et al.,

      Defendants.          ORDER

_____/

        Plaintiff is a state prisoner and is proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make

monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551

U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, id., and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Plaintiff alleges that he was subject to involuntary tuberculosis testing.  The court has reviewed plaintiff's complaint and, for the limited purposes of § 1915A screening, finds that it states a potentially cognizable claim against defendants Swingle, Martin, Reynolds, Davis, Zamora and Daniels.  See 28 U.S.C. § 1915A.

For the reasons stated below, the court finds that the complaint does not state a cognizable claim against defendants McDonald and Vickie L.  The claims against those defendants are hereby dismissed with leave to amend.

The only allegations against defendants McDonald and Vickie L. are that they granted plaintiff's administrative appeal in full at the first level of review.  It is unclear how plaintiff is claiming that these defendants violated his constitutional rights regarding tuberculosis testing by granting his administrative appeal in full.  For these reasons, plaintiff's claims against defendants McDonald and Vickie L. are dismissed with leave to amend.

Plaintiff may proceed forthwith to serve defendants Swingle, Martin, Reynolds, Davis, Zamora and Daniels, and pursue his claims against only these defendants, or he may delay serving any defendant and attempt to state a cognizable claim against defendants McDonald and Vickie L.

If plaintiff elects to attempt to amend his complaint to state a cognizable claim against the remaining defendants, he has thirty days in which to amend his complaint.  He is not obligated to amend his complaint.

If plaintiff elects to proceed forthwith against defendants Swingle, Martin, Reynolds, Davis, Zamora and Daniel, against whom he has stated a potentially cognizable claim for relief, then within thirty days he must return materials for service of process enclosed

1  herewith.  In this event the court will construe plaintiff's election as consent to dismissal of all
2  claims against defendants McDonald and Vickie L. without prejudice.
3        Plaintiff is advised that in an amended complaint he must clearly identify each
4  defendant and the action that defendant took that violated his constitutional rights.  The court is
5  not required to review exhibits to determine what plaintiff's charging allegations are as to each
6  named defendant.  The charging allegations must be set forth in the amended complaint so
7  defendants have fair notice of the claims plaintiff is presenting.
8        Any amended complaint must show the federal court has jurisdiction, the action is
9  brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It
10  must contain a request for particular relief.  Plaintiff must identify as a defendant only persons
11  who personally participated in a substantial way in depriving plaintiff of a federal constitutional
12  right.  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the
13  deprivation of a constitutional right if he does an act, participates in another's act or omits to
14  perform an act he is legally required to do that causes the alleged deprivation).  If plaintiff
15  contends he was the victim of a conspiracy, he must identify the participants and allege their
16  agreement to deprive him of a specific federal constitutional right.
17        In an amended complaint, the allegations must be set forth in numbered
18  paragraphs.  Fed. R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a
19  single defendant.  Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate
20  transactions or occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P.
21  10(b).
22        The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara,
23  307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved
24  any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ.
25  P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must
26  be set forth in short and plain terms, simply, concisely and directly.  See Swierkiewicz v. Sorema

N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.  Plaintiff must not include any preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like. McHenry v. Renne, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); see Crawford-El v. Britton, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases).  The court (and defendant) should be able to read and understand plaintiff's pleading within minutes.  McHenry, 84 F.3d at 1179-80.  A long, rambling pleading including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury, or joining a series of unrelated claims against many defendants, very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them.  See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Id. (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. Id. at 1950.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 15-220; see Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001). California prisoners or parolees may appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, §§ 3084.1, et seq. An appeal must be presented on a CDC form 602 that asks simply that the prisoner "describe the problem" and "action requested." Therefore, this court ordinarily will review only claims against prison officials within the scope of the problem reported in a CDC form 602 or an interview or claims that were or should have been uncovered in the review promised by the department. Plaintiff is further admonished that by signing an amended complaint he certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his entire action.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the

Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Claims against defendants McDonald and Vicki L. are dismissed with leave to amend. Within thirty days of service of this order, plaintiff may amend his complaint to attempt to state cognizable claims against these defendants. Plaintiff is not obliged to amend his complaint.

4. The allegations in the pleading are sufficient to state a potentially cognizable claim against defendant Swingle, Martin, Reynolds, Davis, Zamora and Daniel. See 28 U.S.C. § 1915A. With this order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the pleading filed February 13, 2012, one USM-285 form and instructions for service of process on defendants Swingle, Martin, Reynolds, Davis, Zamora and Daniel. Within thirty days of service of this order plaintiff may return the attached Notice of Submission of Documents with the completed summons, the completed USM-285 forms, and one copy of the February 13, 2012 complaint. The court will transmit them to the United States Marshal for service of process pursuant to Fed. R. Civ. P. 4. Defendants Swingle, Martin, Reynolds, Davis, Zamora and Daniel will be required to respond to plaintiff's allegations within the deadlines stated in Fed. R. Civ. P. 12(a)(1). In this event, the court will construe plaintiff's election to proceed forthwith as consent to an order dismissing his defective claims against defendants McDonald and Vickie L. without prejudice.

5. Failure to comply with this order will result in a recommendation that this action be dismissed.

DATED: March 1, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

sp363.14

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SPENCER E. BERRY,

        Plaintiff,                No. 2: 12-cv-0363 KJN P

    vs.

DOROTHY SWINGLE, et al.,

        Defendants.         NOTICE OF SUBMISSION OF DOCUMENTS

_____/

        Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

        _____    completed summons form

        _____    completed forms USM-285

        _____    copies of the _____
                                 Amended Complaint

        _____    Plaintiff consents to the dismissal of defendants McDonald and Vickie L. without prejudice.

    OR

////

////

1         \_\_\_\_\_ Plaintiff opts to file an amended complaint and delay service of process.

2 Dated:

                                                                Plaintiff