1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   SPENCER E. BERRY,

11              Plaintiff,                    No. 2:12-cv-0363 KJN P

12        vs.

13   DOROTHY SWINGLE, et al.,

14              Defendants.              ORDER

15   _____/

16          Plaintiff is a state prisoner proceeding without counsel.  The parties consented to

17   proceed before the undersigned for all purposes.  See 28 U.S.C. § 636(c).  Multiple motions are

18   pending, which this court will address seriatim.

19          Motions for Sanctions

20          On October 1, 2012, plaintiff filed a motion requesting sanctions against

21   defendants' counsel.  Plaintiff contends that defense counsel inappropriately contacted plaintiff

22   by telephone.  Plaintiff is advised that because he is pursuing litigation against defendants, it is

23   not inappropriate for defense counsel to contact plaintiff.  Plaintiff's motion for sanctions is

24   without merit, and is denied.

25          On October 25, 2012, plaintiff renewed his motion for sanctions, and asked for a

26   ruling.  Plaintiffs second motion is denied as set forth above.

Motion to Compel Discovery

On October 25, 2012, plaintiff filed a motion to compel discovery.  Defendants filed an opposition; plaintiff did not file a reply.  Plaintiff seeks to compel further production of documents from defendants.  Plaintiff claims that defendants provided medical records unrelated to those requested by plaintiff, in addition to providing 85 blank and illegible pages, and copies of other inmates' medical records.  Plaintiff also maintains that additional production is required because:

> plaintiff alleges, for instance, the defendants subjected him to harmful radiation via x-rays.  Therefore his requests for radiology reports/x-ray results is needed as proof defendants had plaintiff x-rayed.  Also plaintiff alleges medical malpractice related to the testing, therefore, any and all medical records related to TB in the plaintiff's records is relevant.

(Dkt. No. 43 at 96.)

Defendants contend that plaintiff does not claim that defendants failed to produce all medical records from High Desert State Prison ("HDSP"); rather, plaintiff seeks medical records from plaintiff's incarceration prior to plaintiff's incarceration at HDSP.  However, defendants argue, the court found that plaintiff is not likely to succeed on the merits of his claim that he was exempt from tuberculosis testing because medical evidence conclusively established that plaintiff never contracted tuberculosis.  (Dkt. No. 36; 53.)  Thus, defendants argue, additional medical records prior to plaintiff's incarceration at HDSP are irrelevant to plaintiff's instant claim.  Defendants further contend that they did not produce irrelevant medical records from HDSP to harass, delay, or prejudice plaintiff, and that some of the records produced demonstrate that plaintiff did not falsely test negative for tuberculosis antibodies at HDSP due to HIV, AIDS, chronic illness, or extremely poor health.

Plaintiff's amended complaint does not contain allegations that defendants subjected him to harmful radiation by x-rays.  (Dkt. No. 28, *passim*.)  Moreover, plaintiff alleges he was erroneously subjected to tuberculosis tested based on his belief that he contracted

2

1   tuberculosis in 1994, as allegedly diagnosed at the California Youth Authority.  However, as set

2   forth in this court's August 29, 2012 findings and recommendations, defendants adduced medical

3   evidence demonstrating that plaintiff was administered two QuantiFERON Gold ("QFT-G")

4   blood tests, and that both the January 27, 2011, and April 18, 2011 results established that

5   plaintiff did not have tuberculosis, either active or latent.  (Dkt. No. 36 at 6.)  Dr. Swingle, the

6   Chief Medical Officer at HDSP, reviewed plaintiff's medical records and "conclusively

7   determined that [plaintiff] does not have tuberculosis."  (Id.)  Dr. Swingle stated that if plaintiff

8   had contracted active or latent tuberculosis at any time, including but not limited to 1994,

9   plaintiff would still have the antibodies in his system today, which would cause plaintiff to test

10  positive.  (Id.)  Thus, Dr. Swingle opined that plaintiff "has never been accurately diagnosed with

11  tuberculosis."  (Id.)

12          Because the allegations in plaintiff's amended complaint do not include a claim

13  that plaintiff was subjected to harmful radiation by x-rays, plaintiff is not entitled to additional

14  medical records to support that claim.  Moreover, because plaintiff's allegations are limited to his

15  treatment at HDSP, medical records prior to his incarceration at HDSP are not relevant.

16  Plaintiff's records from the California Youth Authority are not contained in plaintiff's records

17  with the California Department of Corrections and Rehabilitation ("CDCR"); thus, defendants

18  cannot produce documents not within their custody or control.  Moreover, in light of the medical

19  evidence provided by Dr. Swingle confirming that plaintiff has not had tuberculosis and has not

20  been accurately diagnosed as having tuberculosis in the past, any test results from 1994

21  administered while plaintiff was held in the California Youth Authority are not relevant.

22  Similarly, any tuberculosis test results during plaintiff's incarceration at CDCR prior to his

23  incarceration at HDSP are not relevant.

24          The production of blank pages or documents from other inmates' records was

25  inadvertent and does not support a request for further production.  Although plaintiff claims

26  certain pages were illegible (see dkt. no. 43 at 15, 19-20, 32, 54-58, 61-74, 78-80), no further

1    production of these pages are required because Dr. Swingle reviewed plaintiff's medical records

2    and confirmed the tuberculosis test results, as set forth in his declaration.  (Dkt. No. 31-1.)

3    Moreover, as noted by defendants, plaintiff has access to his own medical records.

4              For all of the above reasons, plaintiff's motion to compel discovery is denied.

5              Accordingly, IT IS HEREBY ORDERED that:

6              1.  Plaintiff's October 1, 2012 motion (dkt. no. 39) is denied;

7              2.  Plaintiff's October 25, 2012 motion (dkt. no. 42) is denied; and

8              3.  Plaintiff's October 25, 2012 motion to compel discovery (dkt. no. 43) is

9    denied.

10   DATED:   January 9, 2013

11

12

13                                    KENDALL J. NEWMAN
                                      UNITED STATES MAGISTRATE JUDGE

14   berr0363.mtc

15

16

17

18

19

20

21

22

23

24

25

26